**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**BRYAN CHAMBERS,**

**Plaintiff,**

**v.**

**CORRECTION OFFICER ANDERSON, *et al.*,**

**Defendants.**

**Civil Action 1:26-cv-611**
**Judge Matthew R. Byrne**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Bryan Chambers, sues several corrections officers of Warren Correctional Institution under 42 U.S.C. § 1983 for violations of his First and Eighth Amendment rights. On July 31, 2026, the undersigned issued an Order and Report and Recommendation that recommended dismissal of Plaintiff's Complaint for failure to state a claim under 28 U.S.C. §§ 1915, 1915A. (ECF No. 3.) Instead of objecting to that Report and Recommendation, Plaintiff filed a Motion to Amend Complaint. (ECF No. 6.) Because no Defendant has yet filed an answer, Plaintiff is permitted to amend his Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Plaintiff's Motion to Amend Complaint is therefore **GRANTED**. And because the Amended Complaint replaces and supersedes Plaintiff's original Complaint, the portion of the July 31, 2026 Order and Report and Recommendation (ECF No. 3) that recommended dismissal of Plaintiff's original Complaint is **VACATED**.

Accordingly, this matter is now before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 6-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify

cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, Plaintiff **MAY PROCEED** on his individual-capacity claims for damages against each of the Defendants, but it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims for failure to state a claim on which relief may be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See*

*also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that on three occasions—February 25, 2026, August 4, 2026, and August 6, 2026—Defendants Officer Chine, Officer Kowloski, and Officer Anderson, respectively, opened the door to Plaintiff's cell while he was sleeping to permit another inmate to enter and assault Plaintiff. As a result of these inmate assaults, Plaintiff suffered extreme pain, blurry vision, a swollen eye, a fractured skull, slurred speech, and having his hair cut with a razor. (Am. Compl., ECF No. 6-1, PAGEID #85.) When Plaintiff filed grievances about these assaults, Defendant Chief Unit Manager J. Smith retaliated by restricting Plaintiff's ability to file grievances, even though she viewed security camera footage of the inmates being let into Plaintiff's cell. (*Id.* at PAGEID #86.) As relief, Plaintiff seeks money damages and injunctive relief requiring corrections officers to wear nametags and requiring prison medical staff to accept electronic kites. (*Id.* at PAGIED #87.)

The undersigned construes Plaintiff's Amended Complaint to advance claims under 28 U.S.C. § 1983 against Defendants Chine, Kowloski, and Anderson and for failure to protect in violation of his Eighth Amendment rights and against Defendant Smith for retaliation in violation of his First Amendment rights. Plaintiff may proceed on these claims to the extent that he sues each Defendant in their individual capacity for money damages.

However, Plaintiff's remaining claims must be dismissed. To the extent that Plaintiff sues any of the Defendants in their official capacity, those claims lack merit. A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And any claims against the State of Ohio are barred by the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted).

None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. And although Plaintiff seeks forward-looking injunctive relief in the form of requiring corrections officers to wear nametags and to require prison medical staff to accept electronic kites, these requests are untethered to any allegation of ongoing constitutional violations. "When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant

possibility of future harm in order to demonstrate the need for pre-enforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). In other words, "[p]ast harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Plaintiff does not allege any ongoing or likely future violations of his constitutional rights. As a result, any claims for injunctive relief must be dismissed and the *Ex Parte Young* doctrine does not apply to permit suit against the State of Ohio or against any of the Defendants in their individual capacities.

## III. DISPOSITION

Plaintiff's Motion to Amend Complaint (ECF No. 6) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's Amended Complaint, attached to his Motion at ECF No. 6-1.

Further, Plaintiff **MAY PROCEED** on his individual-capacity claims for damages against each of the Defendants, but for the reasons above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims for failure to state a claim on which relief may be granted.

Further, Plaintiff's Motion to Have Defendants Served (ECF No. 13) is **GRANTED** and Plaintiff's Motion to Have All Defendants Served with Summons and Subpoenas (ECF No. 14) is **GRANTED IN PART and DENIED IN PART**. In light of Plaintiff's *in forma pauperis* status (*see* ECF No. 3), Plaintiff is entitled to have the United States Marshal effect service of process over Defendants. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff has submitted a summons form (Form AO-440) and a U.S. Marshal form (Form USM-285) for each of Defendants Chine, Kowloski, Anderson, and Smith (ECF No. 6-3, PAGEID #89–97, 113–15). If Plaintiff also submits four service copies of his Amended Complaint, the Clerk is **DIRECTED** to issue the

summonses and the United States Marshal is **DIRECTED** to serve by certified mail upon each Defendant the issued summons, a copy of the Amended Complaint (ECF No. 6-1), and a copy of this Order and Report and Recommendation.

However, as explained in the Court's October 19, 2026 Order (ECF No. 12), neither the Court nor the U.S. Marshal will serve Plaintiff's subpoenas on Defendants. Plaintiff can obtain the information sought in the subpoenas by serving Defendants with requests for production of documents under Federal Rule of Civil Procedure 34 by regular mail.

Finally, Plaintiff's Motion for Prejudgment Interest (ECF No. 5) is **DENIED WITHOUT PREJUDICE** as premature. Any award of prejudgment interest will be determined at the time final judgment is entered.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE